The Honorable Bill Stephens State Representative University of Central Arkansas Conway, AR 72032
Dear Representative Stephens:
This is in response to your request for an opinion on the following question:
 If a professor at a state university retired under the state "early retirement" law, can that university reappoint the professor to a professorship, without pay, but carrying on any duties that would normally be assigned to any professor without jeopardizing that person's retirement?
It is my opinion that the answer to this question is "yes", that is, the professor's retirement benefits will not be jeopardized by virtue of the reappointment. Although the Early Retirement Incentive Law of 1987 does place certain restrictions on eligibility for subsequent employment following retirement thereunder, no provision is made for a reduction or termination of vested benefits.
While it thus appears, in response to your specific question, that retirement benefits will not be jeopardized, the above-referenced restrictions on subsequent employment should be noted in this instance. Persons participating in the retirement incentive program are "not eligible to accept further employment in which the state is the employer." A.C.A. 24-4-732(a)(1) and (2) (Supp. 1987). This office has previously stated that persons employed by state institutions of higher learning are "employee[s] of a state agency" for purposes of Act 808 of 1987 which provides for the transfer of membership in the Arkansas Teacher Retirement System to the Arkansas Public Employees' Retirement System. A.C.A.24-4-732(a)(3) (Supp. 1987); Opinion No. 87-200, attached hereto. Having concluded that these persons, if they otherwise meet the stated requirements, may retire under the early retirement incentives, it reasonably follows that the prohibition against "further employment in which the state is the employer" will apply to preclude subsequent employment by a State university.
While it may be contended that one serving without compensation has not accepted "employment" within the meaning of the early retirement incentive law, this office has previously concluded that the legislature did not intend to permit such an indirect means of avoiding the prohibition. Attorney General Opinion No.87-467. However, as noted in that opinion, this question must ultimately be decided by the courts based upon the particular facts of each case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.